UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>STACK BROTHERS MECHANICAL CONTRACTORS, INC.,<br><br>        Defendant. | Civil Action No. 3:15-cv-60<br><br>**COMPLAINT**<br>(Jury Trial Demand) |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and retaliation and to provide appropriate relief to Randy Virta and Karen Kolodzeske. As alleged below, the defendant, Stack Bros. Mechanical Contractors, Inc., discriminated against Randy Virta and Karen Kolodzeske by firing them when they reached 62 years of age on or about February 14, 2014, and September 27, 2014, respectively. Earlier, Stack Bros. also had discriminated against Kolodzeske, beginning on or about May 1, 2014, by retaliating against her for resisting its plans to fire her on the basis of age, first by denying her a raise and then by demoting her and reducing her work hours and pay.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Wisconsin.

PARTIES

3. The plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with administering, interpreting, and enforcing the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, the defendant, Stack Bros. Mechanical Contractors, Inc. ("Stack Bros."), has continuously been a Wisconsin corporation doing business in the state of Wisconsin and the Western District of Wisconsin, and has continuously had at least 20 employees.

5. At all relevant times, Stack Bros. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

CONCILIATION

6. Prior to institution of this lawsuit, the EEOC's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b). Despite its best efforts, the EEOC's conciliation efforts were unsuccessful:

(a) On September 30, 2014, the EEOC issued a "Determination" letter concerning the discrimination charge of Randy Virta ("Virta") against Stack Bros., which alleged that Stack Bros. had unlawfully terminated his employment based on his age.

The same day, the EEOC issued another "Determination" letter concerning the first discrimination charge of Karen Kolodzeske ("Kolodzeske") against SBMC, which alleged that Stack Bros. had violated the ADEA when it decided to terminate her employment based on her age and also that Stack Bros. had retaliated against her for opposing Stack Bros.'s unlawful employment practices. Both "Determination" letters issued on September 30, 2014, invited Stack Bros. to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

     (b)    On November 4, 2014, the EEOC issued a "Determination" letter concerning Kolodzeske's second discrimination charge, which alleged that Stack Bros. had retaliated against Kolodzeske for having filed her first discrimination charge. The "Determination" letter invited Stack Bros. to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

     (c)    On December 4, 2014, the EEOC issued a letter advising Stack Bros. that, despite its efforts, the EEOC was unable to secure from Stack Bros. a conciliation agreement acceptable to the EEOC concerning the Virta and Kolodzeske discrimination charges.

STATEMENT OF CLAIMS

7.    Since at least on or about February 14, 2014, Stack Bros. has engaged in unlawful employment practices, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), when it terminated Virta, who was in the protected age group as defined in Section 12 of the ADEA, 29 U.S.C. § 631, from his Service Manager position because he had reached 62 years of age.

8. Since at least on or about May 1, 2014, Stack Bros. has engaged in unlawful employment practices, in violation of Section 4(d) of the ADEA, 29 U.S.C. § 623(d), beginning on or about May 1, 2014, by retaliating against Kolodzeske, who was in the protected age group as defined in Section 12 of the ADEA, 29 U.S.C. § 631, for resisting Stack Bros.'s stated plans to fire her when she reached age 62, first by denying her a promised raise and then by demoting her and reducing her work hours and pay.

9. Since at least on or about September 27, 2014, Stack Bros. has engaged in unlawful employment practices, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), when it terminated Kolodzeske from her Bookkeeper position because she had reached 62 years of age.

10. The effect of the practices complained of in Paragraphs 7, 8, and 9 above has been to deprive Virta and Kolodzeske of equal employment opportunities and otherwise adversely affect their status as employees, because of their ages.

11. The unlawful employment practices complained of in Paragraphs 7, 8, and 9 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Stack Bros. and its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from engaging in employment practices which discriminate against individuals 40 years of age and older by terminating their employment because of their age.

B. Grant a permanent injunction enjoining Stack Bros. and its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them,

from engaging in employment practices which retaliate against individuals 40 years of age and older for engaging in activities protected by the ADEA.

   C. Order Stack Bros. to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

   D. Grant a judgment requiring Stack Bros. to pay Virta and Kolodzeske appropriate back wages, including lost benefits, in an amount to be determined at trial, an equal sum as liquidated damages, and pre-judgment interest.

   E. Order Stack Bros. to make Kolodzeske whole for the unlawful practices described in Paragraph 8 above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including (but not limited to) the payment of pre-judgment interest and compensation for past and future pecuniary and non-pecuniary losses including emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

   F. Order Stack Bros. to pay punitive damages to Kolodzeske for its malicious and reckless conduct, as described in Paragraph 8 above, in amounts to be determined at trial.

   G. Order Stack Bros. to make Virta and Kolodzeske whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including (but not limited to) rightful-place reinstatement; front pay, including lost benefits, as necessary in lieu of reinstatement; and attorney's fees.

   H. Grant such further relief as the Court deems necessary and proper in the public interest.

   I. Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

.

            P. David Lopez
            General Counsel

            Gwendolyn Young Reams
            Associate General Counsel

            EQUAL EMPLOYMENT OPPORTUNITY
               COMMISSION
            131 M Street, N.W.
            Washington, D.C.  20507

            John C. Hendrickson
            Regional Attorney

            Jean P. Kamp
            Associate Regional Attorney

            EQUAL EMPLOYMENT OPPORTUNITY
               COMMISSION
            Chicago District Office
            500 West Madison Street - Suite 2000
            Chicago, IL  60661
            *Telephone*:   (312) 869-8116
            *E-mail*:       john.hendrickson@eeoc.gov
            *E-mail*:       jean.kamp@eeoc.gov

Dated:   January 28, 2015      s/ *Dennis R. McBride* _____
            Dennis R. McBride
            Senior Trial Attorney

            EQUAL EMPLOYMENT OPPORTUNITY
               COMMISSION
            Milwaukee Area Office
            310 West Wisconsin Avenue - Suite 500
            Milwaukee, WI  53203-2292
            *Telephone*:   (414) 297-4188    *Fax*:   (414) 297-3146
            *E-mail*:       dennis.mcbride@eeoc.gov